778          NEBRASKA REPORTS.      [VOL. 113

State, ex rel. Davis, v. Kilgore State Bank.

---

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, APPELLEE, V. KILGORE STATE BANK: FRED A. CUMBOW, RECEIVER, APPELLEE: NENZEL STATE BANK ET AL., CLAIMANTS, APPELLANTS.

FILED SEPTEMBER 29, 1925. No. 23404.

Banks and Banking: GUARANTY FUND: LIABILITY. Evidence examined, and discussed herein, and *held* that the judgment of the district court is for affirmance under the rule announced in *State v. Kilgore State Bank, ante,* p. 772.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

W. B. Haley, E. D. Crites and F. A. Crites, for appellants.

O. S. Spillman, Attorney General, C. M. Skiles, James C. Quigley and J. J. Harrington, contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and THOMPSON, JJ.

DEAN, J.

This action involves two separate cases which were consolidated and tried together in the district court and were

heard and submitted together here. The issues are substantially the same as those discussed in the preceding case entitled, *State v. Kilgore State Bank, ante,* p. 772, wherein Fred A. Cumbow was appointed receiver for the insolvent Kilgore bank.

The facts involved here, as affecting both intervening claimants herein, are substantially these: April 16, 1921, the Kilgore bank issued three 5 per cent. certificates of deposit to E. C. Cole, who is connected in some capacity with the Nenzel State Bank and the Ranchers State Bank at Cody. Two of the certificates are for $1,000 each and one is for $1,032.61. The three certificates were issued in exchange for a promissory note, in the principal sum of $2,857.95, bearing interest at the rate of 10 per cent. per annum, which, with the unpaid interest, amounted to $3,032.61, and this sum equaled the total sum of the three deposits. The note was secured by a third mortgage lien on certain lands in Cherry county, owned by John B. Sellar, and he, with his wife, Katherine, were the makers of the note and mortgage.

The $1,032.61 certificate was, by the indorsement of E. C. Cole, made payable to the Nenzel State Bank. It alleges ownership and is one of the intervening claimants. The two $1,000 certificates were likewise, by Cole's indorsement, each made payable to S. D. Willard, and he, alleging ownership, is also an intervening claimant.

Both the Nenzel bank and Willard submitted proofs tending to maintain their respective claims that the certificates came into their hands, respectively, before maturity and in the usual course and for value and without notice of any infirmity, and both now seek in this suit, by the usual proceedings, to recover the amounts, respectively, of the principal of their respective notes, with interest and costs, from the bank depositors' guaranty fund.

The receiver here, as in the former case, contends that the note and mortgage, which were exchanged for the three certificates of deposit, are now and always were valueless, for the reason that the land upon which the third mortgage

in suit is a purported lien had been theretofore mortgaged for its full value by Sellar. The court sustained the contention of the receiver and found, in substance and in effect, that the issuance of the certificates of deposit, and the acceptance by the bank of the Sellar note and third mortgage lien, in exchange therefor, did not constitute a deposit of money, or its equivalent, in the Kilgore bank, within the meaning of the bank depositors' guaranty law, and that both note and mortgage were worthless when the exchange was made. The court further found, and decreed, that neither S. D. Willard nor the Nenzel bank, by virtue of the certificates of deposit in suit, had a claim against the assets of the Kilgore bank, nor did either suitor have any claim against the bank depositors' guaranty fund by reason thereof. Both Willard and the Nenzel bank have appealed.

The tract of land involved in this suit consists of from 944 to 960 acres of land in Cherry county. Mr. Cole testified that two mortgages were prior to the Willard and Nenzel bank mortgages, and were therefore superior to the lien of the Kilgore bank mortgage in suit, namely, a first mortgage of $7,100 drawing 4 per cent. interest and a second mortgage of $4,000 drawing 5 per cent. interest, "and then this mortgage that I sold to the Kilgore State Bank of $2,857.95." The district court found, and decreed, that the Willard and Nenzel bank notes, and the mortgage securing the notes, all of which are involved in the present case, did not, as noted above, represent "a deposit of money or its equivalent in said bank," and "were worthless and represented nothing of value and constituted a fraud upon the guaranty fund of this state and a fraud against the assets of the Kilgore State Bank," and specifically found that neither Willard nor the Nenzel bank were entitled to recover anything from either of the last above mentioned funds. The evidence supports the judgment of the district court.

Substantially the same issues are involved here which were considered by us, and disposed of adversely to the contention of both claimants herein, in *State v. Kilgore*

State, ex rel. Spillman, v. Brictson Mfg. Co.

*State Bank, ante,* p. 772, as above noted. It follows that the present case, as to the respective claims of both Willard and the Nenzel State Bank, are controlled by our decision in the former case.

The judgment of the trial court is therefore

AFFIRMED.